**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
In re                        )
                             )
Lori A. Saxon                )    [Case No. 17-611
                Debtor.      )
_____      )    (Chapter 13)
                             )    in the Bankruptcy Court]
Lori A. Saxon                )
                Appellant    )
                             )
         v.                  )
                             )
                             )    Civil Action No.
                             )
                Appellee.    )
                             )
                             )
                             )
```

**TRANSMITTAL OF NOTICE OF APPEAL**

Transmitted herewith to the Clerk of the District Court for docketing in the District Court pursuant to Fed. R. Bankr. P. 8003(d)(2) is the Notice of Appeal (Dkt. No. 34) in the above-captioned bankruptcy case.

**Other comments:**

There was no appellee listed because all orders being appealed originated from the Court or the Clerk's Office. Filing fee not paid.

The parties to the order appealed and their respective attorneys are as follows:

| Appellant(s) | Attorney |
|---|---|
| **Lori A Saxon**<br>937 N Street, NW<br>Washington, DC 20001 | Pro se |
| Appellee(s) | Attorney |
| | |

Angela D. Caesar,
Clerk of the Court

Dated: 12/06/2017

By: /s/ Shanna Wyche
Deputy Clerk

**UNITED STATES COURT OF APPEALS**
**DISTRICT OF COLUMBIA CIRCUIT**
333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

**FILED**

DEC 0 1 2017

Clerk, U.S. District and
Bankruptcy Courts

CLERK
US DISTRICT &
BANKRUPTCY COURTS

2017 DEC -1 P II: 51

RECEIVED

*Please time stamp below.*

## AFTER-HOURS DEPOSITORY

*Please complete the following information, date/time stamp this form and affix to each package.*

Case Number _____

Contents:  ☐ Briefs
  ☐ Appendices/Record Material
  ☐ Motions
  ☑ Other *(Please Identify)*  _Civil Notice of Appeal_
  _from Bankruptcy  17-00611_

**Note:** Emergency matters and/or sealed materials may not be placed in the filings depository.

18 + cover page
  pages
    original + 3 copies
  in unsealed envelope

Lori Saxon
  937 N St NW
  WDC 20001
    703-625-4343
    LoriAnnSaxon@GMAIL.COM

USCA Form 1
AUGUST 2009 (REVISED)

# UNITED STATES COURT OF APPEALS
# DISTRICT OF COLUMBIA CIRCUIT

**333 Constitution Avenue, NW**
**Washington, DC 20001-2866**
**Phone: 202-216-7000 | Facsimile: 202-219-8530**

CLERK
US DISTRICT &
BANKRUPTCY COURTS

2017 DEC -1 P II: 51

RECEIVED

## CIVIL DOCKETING STATEMENT
All Cases Other than Administrative Agency Cases (To be completed by appellant)

1. CASE NO. 17-00611 (Chapter 13)          2. DATE DOCKETED: 11/1/17

3. CASE NAME (lead parties only) In re Lori A. Saxon Debtor          v.

4. TYPE OF CASE:   ☐ District Ct -  ○ US Civil  ○ Private Civil  ○ Criminal  ● Bankruptcy
   ☐ Bankruptcy - if direct from Bankruptcy Court          ☐ Original proceeding

5. IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED?   ○ Yes  ● No
   If YES, cite statute

6. CASE INFORMATION:
   a. District Court Docket No.          Bankruptcy Court Docket No.          Tax Court Docket No.
      Civil Action _____          Bankruptcy 17-00611 (chapter 13)          Tax _____
      Criminal _____          Adversary _____
      Miscellaneous _____          Ancillary _____

   b. Review is sought of:
      ☒ Final Order   ☐ Interlocutory Order appealable as of right   ☐ Interlocutory Order certified for appeal

   c. Name of judge who entered order being appealed:
      Judge S. Martin Teal, Jr.          Magistrate Judge

   d. Date of order(s) appealed (use date docketed): 11/2-11/22/17   e. Date notice of appeal filed: 12/1/17

   f. Has any other notice of appeal been filed in this case?   ○ Yes  ● No   If YES, date filed:

   g. Are any motions currently pending in trial court?   ● Yes  ○ No   If YES, date filed: 11/26/17
      If YES, identify motion Intervenors Motion for the Court to Strike the Purported Order of The Court Denying Inter

   h. Has a transcript of proceedings been ordered pursuant to FRAP 10(b)?   ○ Yes  ● No
      If NO, why not?   Debtor denied due process

   i. Has this case been before the Court under another appeal number? ○ Yes  Appeal # _____   ● No

   j. Are any cases involving the same underlying order or, to counsel's knowledge, involving *substantially the same issue,* currently pending before the District Court, this Court, another Circuit Court, or the Supreme Court?
      ○ Yes  ● No If YES, give each case's court and case name, and docket number:

   k. Does this case turn on validity or correct interpretation or application of a statute?   ● Yes  ○ No
      If YES, give popular name and citation of statute Violation Article 6 sec 1 & 2 US Constitution

7. Have the parties attempted to resolve issues in this case through arbitration, mediation, or another alternative for dispute resolution? ○ Yes  ● No   If so, provide program name and participation dates

Signature _____          Date   12/1/17
Name of Party Lori A. Saxon
Name of Counsel for Appellant/Petitioner Pro Se
Address 937 N St., NW Washington, DC 20001    LoriAnnSaxon@GMAIL.Com

Phone ( 703 )   625-4343          Fax ( )

ATTACH A CERTIFICATE OF SERVICE
Note: If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so advise the Clerk within 7 calendar days by letter, with copies to all other parties, specifically referring to the challenged statement. Attach a certificate of service to this form.

USAC Form 42
August 2009 (REVISED)

UNITED STATES DISTRICT COURT FOR THE &
DISTRICT OF COLUMBIA
333 Constitution Avenue, NW 2017 DEC -1 P II: 51
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

RECEIVED

In re

LORI A. SAXON

Debtor

US Bankruptcy Court for the
District of Columbia
Case No 17-00611
(Chapter 13)

## CIVIL NOTICE OF APPEAL

Notice is hereby given this 1st day of December, 2017 that Lori A. Saxon

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the Judgments of the United States Bankruptcy Court for the District of Columbia court entered on – These orders are attachments 1-10:

1.  11/1/17 Order Approving Payment of Filing Fee In Installments
2.  11/2/17 Order to Pay Filing Fee Within Sixty Days or Make Arrangements to Pay In Installments
3.  11/2/17 Order of Dismissal
4.  11/2/17 Memorandum Decision and Order Dismissing Motion For Relief From Stay as Moot
5.  11/4/17 Debtors challenge to Notice of UNDeliverable Mail to Ameritas Life Insurance – Ameritas was never made a part of the case by Saxon-Debtor- they are a pretender Lender
6.  11/19/17 Order RE George McDermott's Motion For Proof That Order of Dismissal Was Issued By Judge and Not A Law Clerk – Denied
7.  11/19/17 Memorandum Decision and Order Dismissing George McDermott's Mption To Intervene
8.  11/19/17 Memorandum Decision and Order RE Saxon's Opposition to Dismissal of the Bankruptcy Case and Motion to Strike the Court's Order and Reconsideration By the Full Court
9.  11/22/17 Debtors challenge to Notice of UNDeliverable Mail to Ameritas Life Insurance – Ameritas was never made a part of the case by Saxon-Debtor- they are a a pretender Lender
10. *** 11/2/17 Please note Docket No 16-Debtor's Response/Motion to false claims Creditors Emergency Motion for Relief from Stay was NEVER answered by the Bankruptcy Court

11. *** 11/26/17 Please note docket #32 has not been ruled on Intervenors Motion for the Court to Strike the Purported Order of the Court Denying Intervenor's Right and Dismissing case filed by George McDermott

**Orders 1-9 are numbered as attachments**

Respectfully submitted,

Lori A. Saxon
Pro Se Litigant
937 N St., NW
Washington, DC 20001
703-625-4343
LoriAnnSaxon@gmail.com


(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

ordpay13 (4/10)



United States Bankruptcy Court for
the District of Columbia
E. Barrett Prettyman U. S. Courthouse
333 Constitution Ave, NW #1225
Washington, DC 20001
(202) 354–3280
www.dcb.uscourts.gov

**In Re**
Lori A Saxon
**Debtor**

**Case No.** 17–00611

**Chapter** 13

### ORDER TO PAY FILING FEE IN FULL WITHIN SIXTY
### DAYS OR MAKE ARRANGEMENTS TO PAY IN INSTALLMENTS

On 11/2/2017, the court dismissed the above–captioned case (Dkt. No. 14). At the time of dismissal, however, the debtor(s) still owed $249.00, which the debtor(s) had applied to pay in installments. Even though this case has been dismissed, the debtor(s) still remains liable for the unpaid balance of the filing fee.
Accordingly, it is

ORDERED that within 60 days of the entry of this order the debtor(s) shall either:
 − pay the outstanding balance due, with interest at a rate of 1% per annum accruing 30 days from the date of this order; or
 − make arrangements with the clerk of the court to pay the amount due in installments over a period not to exceed 90 days. It is further

ORDERED that the clerk shall refer such claim on the amount outstanding to the Bureau of Financial Management Services for collection if the debtor fails:
 − to make payment of the outstanding balance in full, plus interest, within 60 days; or
 − to make arrangements to pay the outstanding balance within 60 days; or
 − to make any payment pursuant to an arrangement made with the clerk of the court. It is further

ORDERED that if the filing fee remains unpaid in this case, the debtor will be barred, absent exceptional circumstances, from paying the filing fee in installments in any future cases.

Copies to:
Debtor(s)
Attorney for the Debtor(s)(if any)
Chapter 13 Trustee

Dated: 11/2/17

For the Court:
Angela D. Caesar

By:
am

047353

4071 0047400049

INSTO (02/03)



United States Bankruptcy Court for
the District of Columbia
E. Barrett Prettyman U. S. Courthouse
333 Constitution Ave, NW #1225
Washington, DC 20001
(202) 354–3280
www.dcb.uscourts.gov

**In Re**                                                      **Case No.** 17–00611
Lori A Saxon
**Debtor**                                                     **Chapter** 13

### ORDER APPROVING PAYMENT OF FILING FEE IN INSTALLMENTS

======================================================

   IT IS ORDERED that the debtor(s) may pay the filing fee in installments of the terms proposed in the foregoing application. The debtor's installment dates, per Standing Order §6, are as follows: first payment amount is 83.00 due by 12/18/2017, second payment amount is 83.00 due by 1/30/2018 and final payment amount is 83.00 due by 3/1/2018.

   IT IS FURTHER ORDERED that until the filing fee is paid in full the debtor shall not pay any money for services in connection with this case, and the debtor shall not relinquish any property as payment for the services in connection with this case.

Dated: 11/1/17                              For the Court:
                                           Angela D. Caesar
                                           BY:  FB

The order below is hereby signed.

Signed: November 2 2017



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
LORI A SAXON,                  )     Case No. 17-00611
                               )     (Chapter 13)
                   Debtor.     )

ORDER OF DISMISSAL

The debtor has filed a motion to extend time for credit
counseling (Dkt. No. 6).  However, 11 U.S.C. § 109(h)(1) requires
a debtor to obtain credit counseling within 180 days prior to
filing a petition for bankruptcy.  Section 109(h)(3)(A) allows
for an exception to § 109(h)(1) if the debtor (i) files a
certification that there are "exigent circumstances that merit a
waiver"; (ii) the debtor sought credit counseling from an
approved agency, but was unable to obtain the counseling during
the seven day period after such request was made; and (iii) the
certification is satisfactory to the court.  Here, the debtor
represents that she was placed on hold whenever she called the
credit counseling agencies and that she was unsure which credit
counseling program would be permitted in the District of
Columbia.  These representations are the only justifications she

47353                        40710047400021

advances for the delay in obtaining credit counseling.  Neither of these representations amounts to "exigent circumstances that merit a waiver of the requirements of paragraph (1)."  11 U.S.C. § 109(h)(3)(A)(i).  Nor is the certification satisfactory to the court.  Accordingly, the debtor is not eligible to be a debtor in bankruptcy—the motion must be denied, and this case must be dismissed.  It is thus

ORDERED that the debtor's motion to extend time for credit counseling (Dkt. No. 6) is DENIED.  It is further

ORDERED that the above-captioned case is DISMISSED.

[Signed and dated above.]

Copies to: All entities on the BNC mailing list.

2

The document below is hereby signed.

Signed: November 2, 2017



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                     )
                                          )
LORI A SAXON,                             )     Case No. 17-00611
                                          )     (Chapter 13)
            Debtor.                       )     Not for publication in
                                          )     West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER
DISMISSING MOTION FOR RELIEF FROM STAY AS MOOT

The court has dismissed this case. Under 11 U.S.C.

§ 349(b)(3), the dismissal of the case revested the property of

the estate in the debtor. In turn, under 11 U.S.C. § 362(c)(1)

and (2), the dismissal terminated the automatic stay of 11 U.S.C.

§ 362(a). The order of dismissal has not been stayed. As stated

in *Frank v. Gulf States Finance Company (In re Frank)*, 254 B.R.

368, 374 (Bankr. S.D. Tex. 2000):

> An order dismissing a case is not subject to the
> limitations of FRBP 7062. It is effective immediately
> upon entry and the stay terminates immediately. *Fish
> Market Nominee Corp. v. Pelofsky*, 72 F.3d 4 (1st Cir.
> 1995); *In re de Jesus Saez*, 721 F.2d 848 (1st Cir. 1983),
> *In re Weston*, 101 B.R. 202 (Bankr. E.D. Cal. 1989),
> *aff'd*, 123 B.R. 466, 1991 WL 7112 (9th Cir. BAP 1991),
> *aff'd*, 967 F.2d 596, 1992 WL 151867 (9th Cir. 1992),
> *cert. denied*, 506 U.S. 1051, 113 S.Ct. 973, 122 L.Ed.2d
> 128, (1993); *In re Doherty*, 229 B.R. 461 (Bankr. E.D.
> Wash. 1999); *See also In re Lashley*, 825 F.2d 362 (11th

Cir. 1987), *cert. den.* 484 U.S. 1075, 108 S.Ct. 1051, 98
L.Ed.2d 1013, *reh'g denied* 485 U.S. 1016, 108 S.Ct. 1493,
99 L.Ed.2d 720; *In re Thomas*, 194 B.R. 641 (Bankr. D.
Ariz. 1995).

Accordingly, no automatic stay is in place, and the pending

motion for relief from the automatic stay is moot.  It is

accordingly

ORDERED that the *Emergency Motion for Relief from Stay*

filed by Ameritas Life Insurance Corp. (Dkt. No. 10) is dismissed

as moot without adjudicating the merits of the same.

[Signed and dated above.]

Copies to: Debtor; e-recipients of orders.

047353   4071004740012

Notice of Undeliverable Mail to Debtor

November 4, 2017

From: United States Bankruptcy Court, District of Columbia

Re: U.S. Courts, Bankruptcy Noticing Center - Undeliverable Notice
     In re: Lori A Saxon, Case Number 17-00611, smt

**TO THE DEBTOR:**

The attachment could not be mailed to the notice recipient(s) listed below because the United States Postal Service (USPS) has determined that those addresses in the case mailing list are undeliverable.

Please be advised that dischargeability of a debt may be affected if a creditor fails to receive certain notices. You should determine whether an address should be updated. Consult an attorney with any legal questions you might have.

NOTE: **No further notices will be mailed to the notice recipient(s) listed below, if the USPS continues to designate the address as undeliverable, until the address is updated in accordance with local court policy, which may allow for use of this form, a separate notice of change of address, and/or an amended schedule.** THIS FORM CANNOT BE USED TO ADD A NEW CREDITOR NOT PREVIOUSLY LISTED ON YOUR SCHEDULES.

If this form is used by your court in place of filing a separate notice of change of address and/or an amended schedule: 1) determine the updated address and send the attachment to each recipient below; 2) type or print legibly each updated address below; 3) sign and date the form; and 4) file this form with the court at the following address:

**U.S. Bankruptcy Court**
**Washington, D.C.**
**E. Barrett Prettyman U. S. Courthouse**
**333 Constitution Ave, NW #1225**
**Washington, DC 20001**

Undeliverable Address:
Ameritas Life Insurance Corp.

Reason Undeliverable: INCOMPLETE ADDRESS

THE UPDATED ADDRESS IS:

_____

_____

_____          _____
Signature of Debtor or Debtor's Attorney                          Date

1

The order below is hereby signed.

Signed: November 19 2017



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
LORI A SAXON,                  )      Case No. 17-00611
                               )      (Chapter 13)
               Debtor.         )

ORDER RE GEORGE MCDERMOTT'S MOTION FOR PROOF THAT
<u>ORDER OF DISMISSAL WAS ISSUED BY JUDGE AND NOT A LAW CLERK</u>

Having considered George McDermott's motion for proof that

the court's *Order of Dismissal* was issued by the judge and not a

law clerk (Dkt. No. 24), it is

ORDERED that George McDermott's motion (Dkt. No. 24) is

DENIED.

[Signed and dated above.]

Copies to: E-recipients of orders.

The document below is hereby signed.

Signed: November 19, 2017



7

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                        )
                             )
LORI A SAXON,                )     Case No. 17-00611
                             )     (Chapter 13)
              Debtor.        )     Not for publication in
                             )     West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER
DISMISSING GEORGE MCDERMOTT'S MOTION TO INTERVENE

George McDermott, an editor with the Maryland Court Watch
News, has filed a motion to intervene in a contested matter,
motion for relief from the automatic stay, between Ameritas Life
Insurance Corp. ("Ameritas") and the debtor, Lori Saxon. The
court has dismissed this case, and Ameritas' *Emergency Motion for
Relief from Stay* was dismissed as moot. Accordingly, there is no
matter for McDermott to intervene in, and his motion to intervene
is moot. It is thus

ORDERED that George McDermott's motion to intervene (Dkt.
No. 18) is dismissed as moot.

                              [Signed and dated above.]

Copies to: E-recipients of orders.

The document below is hereby signed.

Signed: November 19, 2017



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
LORI A SAXON,                  )        Case No. 17-00611
                               )        (Chapter 13)
              Debtor.          )
                               )        NOT FOR PUBLICATION IN THE
                               )        BANKRUPTCY REPORTER

MEMORANDUM DECISION AND ORDER RE SAXON'S
OPPOSITION TO DISMISSAL OF THE BANKRUPTCY CASE AND MOTION TO
STRIKE THE COURT'S ORDER AND RECONSIDERATION BY THE FULL COURT

Lori Saxon has filed an opposition to this court's order

dismissing this case and a motion to strike this court's order

and request reconsideration by the full court (Dkt. No. 25).

Saxon provides no basis for striking this court's _Order of_

_Dismissal_ (Dkt. No. 14), and the court will therefore deny

Saxon's motion to strike.  Further, reconsideration by the full

court is not a remedy available in the bankruptcy court, and that

request will be dismissed.

I

The Bankruptcy Code defines who may and may not be a debtor.

11 U.S.C. § 109.  Under § 109(h)(1), a person may not be a debtor

if that person has not received a certificate of credit

counseling within 180 days prior to the filing of a case in bankruptcy. Saxon alleges that she should be exempted from § 109(h)(1) because of extenuating circumstances. An exception arises under § 109(h)(3)(A) if the debtor:

> submits to the court a certificate that—

> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made the request; and

> (iii) is satisfactory to the court.

Saxon contends that her home would be foreclosed on a nonvalidated debt if Saxon did not file for bankruptcy. However, the motion does not provide sufficient facts to conclude exigent circumstances that merit waiver of § 109(h)(1). Saxon does not provide any facts as to why the debt was not validated, purportedly making this an unjust foreclosure, nor does Saxon provide sufficient facts as to why she could not have obtained credit counseling prior to the foreclosure sale creating an exigent circumstance. The only facts provided to the court as to the unavailability of credit counseling is that Saxon was placed on hold every time she called, and these facts were alleged in Saxon's motion for extending time to obtain credit counseling (Dkt. No. 6). These facts are insufficient to show exigent

2

301021   42506001023025

circumstances.

Moreover, even if the court accepts the imminent foreclosure as an exigent circumstances, compare In red Rodriguez, 336 B.R. 462, 474-475 (Bankr. Id. 2005) (holding that filing a petition on the eve of foreclosure was not an exigent circumstance because "[f]oreclosures do not come without a good deal of advance notice ... nonbankruptcy law has myriad procedural protections for debtors providing advance notice of what might occur and when"), with In re Cleaver, 333 B.R. 430, 435 (Bankr. S.D. Oh. 2005)(holding imminent foreclosure was an exigent circumstance because "the common reality is that many debtors file at the last minute just before a foreclosure sale . . . [f]urthermore, it is difficult to conceive of an exigent circumstances related to bankruptcy that would not involve impending creditor action"), Saxon does not meet the exception of § 109(h)(3).

Saxon is also required to show that she "requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain [credit counseling] during the 7-day period beginning on the date on which the debtor made the request." Saxon does not allege any facts that she requested credit counseling or that she was unable to obtain credit counseling within the 7-day period after making any request. In fact, Saxon's motion to extend time for credit counseling (Dkt. No. 6) implies that she never made any request

3

for credit counseling services because she was put on hold every time she called.

Nor is Saxon's certification satisfactory to the court, as it does not provides any facts to fully analyze the circumstances surrounding the foreclosure, any attempts Saxon has made to obtain credit counseling, or any other reason why Saxon is eligible for an exception from § 109(h)(1)'s requirement of prepetition credit counseling.  Accordingly, Saxon does not qualify for an exception to § 109(h)(1) and does not qualify as a debtor under title 11.  There is, accordingly, no basis for striking this court's *Order of Dismissal*.

## II

Saxon requests reconsideration by the full court.  This request is not a remedy available in the bankruptcy court.  The debtor may request the court reconsider its ruling under Fed. R. Civ. P. 59, made applicable in bankruptcy under Fed. R. Bankr. P. 9023, seek relief from the judgment under Fed. R. Civ. P. 60, made applicable to bankruptcy under Fed. R. Bankr. P. 9024, or the debtor may request an appeal to the District Court in accordance with 28 U.S.C. § 158 and Part VIII of the Fed. R. Bankr. P.  Saxon's motion for reconsideration by the full court, however, will be dismissed.

## III

For the aforesaid reasons, it is

4

ORDERED that Saxon's motion to strike the courts' *Order of Dismissal* (Dkt. No. 14) is DENIED.  It is further

ORDERED that Saxon's request for a reconsideration by the full court is DISMISSED.

[Signed and dated above.]

Copies to: All entities on the BNC mailing list.

5

42506001023043

9

Notice of Undeliverable Mail to Debtor

November 22, 2017

From: United States Bankruptcy Court, District of Columbia

Re: U.S. Courts, Bankruptcy Noticing Center - Undeliverable Notice
  In re: Lori A Saxon, Case Number 17-00611, smt

**TO THE DEBTOR:**

The attachment could not be mailed to the notice recipient(s) listed below because the United States Postal Service (USPS) has determined that those addresses in the case mailing list are undeliverable.

Please be advised that dischargeability of a debt may be affected if a creditor fails to receive certain notices. You should determine whether an address should be updated. Consult an attorney with any legal questions you might have.

NOTE: **No further notices will be mailed to the notice recipient(s) listed below, if the USPS continues to designate the address as undeliverable, until the address is updated in accordance with local court policy, which may allow for use of this form, a separate notice of change of address, and/or an amended schedule.** THIS FORM CANNOT BE USED TO ADD A NEW CREDITOR NOT PREVIOUSLY LISTED ON YOUR SCHEDULES.

If this form is used by your court in place of filing a separate notice of change of address and/or an amended schedule: 1) determine the updated address and send the attachment to each recipient below; 2) type or print legibly each updated address below; 3) sign and date the form; and 4) file this form with the court at the following address:

**U.S. Bankruptcy Court**
**Washington, D.C.**
**E. Barrett Prettyman U. S. Courthouse**
**333 Constitution Ave, NW #1225**
**Washington, DC 20001**

Undeliverable Address:
Ameritas Life Insurance Corp.

Reason Undeliverable: INCOMPLETE ADDRESS

THE UPDATED ADDRESS IS:

_____

_____

_____       _____
Signature of Debtor or Debtor's Attorney                Date

1