# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

IN RE: LORI A. SAXON, )
                                          ) Case No. 17-cv-2607 (TSC)
            Debtor. )
                                          ) Bankruptcy No. 17-611

## MEMORANDUM OPINION

Before the court is *pro se* debtor Lori A. Saxon's Application to Proceed Without Prepaying Fees or Costs. ECF Nos. 5, 6. For the reasons set forth below, the court will deny Saxon's application.

## I. BACKGROUND

Saxon sought Chapter 13 bankruptcy protection in November 2017, but did not pay the court filing fee or comply with the statutory requirement that she obtain credit counseling within 180 days prior to filing the petition.[1] *See In re Saxon*, 17-bk-611 (Bankr. D.D.C.), ECF Nos. 5, 6; 11 U.S.C. § 109(h)(1). Instead, she successfully sought leave to pay her filing fee in installments, but remitted only one of the three payments to which she had agreed. *In re Saxon*, 17-bk-611, ECF Nos. 4-5, 13, 17.

Saxon also sought an extension of time in which to seek credit counseling. *Id.*, ECF No. 6. In her motion for the extension, Saxon explained that she had not met the deadline because when she called the credit counseling entities, "she was put on hold and was not quite sure which credit counseling would be permitted in the [D]istrict of Columbia." *Id.*

---

[1] In a prior order, this court indicated Saxon had failed to seek credit counseling within a specified period of time <u>after</u> she filed her bankruptcy petition. *See* ECF No. 2. However, the statute requires that the debtor seek approved credit counseling "during the 180-day period ending on the date of filing of the petition by such individual." 11 U.S.C. § 109(h)(1).

Finding that Saxon had failed to meet the requirements for obtaining exemption from the 180-day credit counseling obligation, the bankruptcy court Judge denied her request. *In re Saxon*, 17-bk-611, ECF No. 14. The applicable bankruptcy statute provides that the credit counseling deadline:

> shall not apply with respect to a debtor who submits to the court a certification that-
>
> (i) describes exigent circumstances that merit a waiver of the [180 day credit counseling] requirements . . .;
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3)(A). The judge held that Saxon's explanation did not constitute "exigent circumstances" sufficient to merit waiver of the 180-day requirement, nor was her explanation "satisfactory to the court." *In re Saxon*, 17-bk-611, ECF No. 14. Consequently, the court dismissed Saxon's bankruptcy case. *Id.*

On November 2, 2017, the bankruptcy court sent Saxon an order explaining that her obligation to pay the remaining portion of the filing fee had not been discharged by dismissal of the case and she was required to pay the fee, but she could arrange to do so in installments. *Id.*, ECF No. 17. The record does not indicate that Saxon made any additional payments or agreed to another installment plan.

Saxon filed a motion seeking relief from the dismissal order, explaining that her home had been scheduled for auction at 11:30 a.m. and she filed for bankruptcy that day hoping to halt the foreclosure. *Id.*, ECF No. 25. The bankruptcy court denied Saxon's motion because she had not explained, *inter alia*, why she could not have obtained credit counseling before the

foreclosure, nor had she explained the circumstances surrounding the foreclosure. *Id.*, ECF No. 28.

Saxon filed a Notice of Appeal without paying the fee to appeal or the fees she still owed the bankruptcy court, and without filing an application in the bankruptcy court for leave to appeal *in forma pauperis* ("IFP"). *Id.*, ECF Nos. 34, 36. The Bankruptcy Court treated the Notice of Appeal as an application to proceed IFP, held that the appeal was frivolous, and refused to grant IFP status. *Id.*, ECF No. 36.

After the docketing of her appeal here, this court ordered Saxon to pay the appeal fee, file proof that she had done so, or file an IFP application. ECF No. 2. Saxon filed a timely the application. ECF No. 6.

## II. LEGAL STANDARD

Subject to certain exceptions not applicable here, an appeal from an order of the bankruptcy court to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2). "[A]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." *Wooten v. District of Columbia Metro. Police Dep't.*, 129 F.3d 206, 208 (D.C. Cir. 1997) (quoting *Ellis v. United States*, 356 U.S. 674 (1958)).

> As in the case of an appeal of a district court order, if a bankruptcy court, as the trial court, denies [an IFP] motion, certifying that the appeal is not taken in good faith or is taken based on some improper motive, *see Wooten v. D.C. Metro. Police Dept.*, 129 F.3d 206, 207 (D.C. Cir. 1997); Fed. R. App. P. 24(a)(3), the party pursuing the appeal to the district court may nevertheless file in the district court, as the appellate court, a motion for leave to appeal *in forma pauperis* despite the trial court's denial of such leave. *See Wooten*, 129 F.3d at 207; Fed. R. App. P. 24(a)(5). A district court may take into account a certification by the bankruptcy

3

> court that the appeal has not been taken in good faith, *see Akers v. Dovenmuehle Mortgage (In re Akers)*, No. BR 07–662, 2013 WL 394189, at *1 (D.D.C. Jan. 30, 2013), but if the district court disagrees with the bankruptcy court and finds that the appeal was taken in good faith, the appellant would be entitled to proceed *in forma pauperis*. *See Wooten*, 129 F.3d at 208.

*In re Hardy*, No. 16-00280, 2017 WL 2644693, at *2 (Bankr. D.D.C. June 19, 2017).

## III. ANALYSIS

Saxon seeks to appeal the bankruptcy court orders discussed above, as well as the following orders and pleadings:

| | |
|---|---|
| 11/1/17 | Order granting Saxon's application to pay the bankruptcy filing fee in installments; |
| 11/4/17-11/22/17 | Certificates of mailing that indicated court orders were not delivered to Ameritas Life Insurance Corporation because they were duplicative;[2] |
| 11/20/17[3] | Order and Memorandum Opinion denying George McDermott's Motion to Intervene as moot because the case had been dismissed;[4] |
| ECF No. 16 | Saxon's response to creditor's Motion for Relief from Stay;[5] and |
| 11/26/17 | McDermott's motion to strike the bankruptcy court order denying McDermott's motion to intervene.[6] |

---

[2] Saxon claims, without explanation or evidence, that Ameritas is a "pretender" lender." ECF No. 1, ECF p. 5.

[3] Saxon indicates that the challenged documents were entered on November 19, 2017, but the docket does not reflect any entries for that date. Accordingly, the court assumes that Saxon intended to appeal the November 20, 2017 Memorandum Opinion and Order.

[4] McDermott, an editor with the Maryland Court Watch News, sought to intervene because he contended that the "alleged creditors" conspired with lawyers "against the Constitution to dilute the treasury of the United States through the use of forged falsified court documents and false pleadings" that included "misstatements about . . . McDermott's intentions." *In re Saxon*, 17-bk-611, ECF No. 18.

[5] Plaintiff indicates that her response was "NEVER answered by the Bankruptcy Court." ECF No. 1, ECF p. 5.

[6] Plaintiff claims that the bankruptcy court never ruled on the motion; this appears to be because the case had been dismissed at the time the motion was filed.

ECF Nos. 1, 6.

The court agrees with the bankruptcy court that Saxon's appeal is frivolous. Beyond the allegations set forth above, Saxon provides no further explanation or evidence for challenging any of the bankruptcy court orders, and this court is unable to discern any legal basis for her appeal. Saxon does not dispute that she failed to comply with the 180-day credit counseling prerequisite to filing her bankruptcy case. Nor does she dispute that her only reasons for not complying were that she was placed on hold when she attempted to contact credit counseling agencies, and she needed to file her bankruptcy case by a certain date to stave off foreclosure. This court agrees that these justifications alone are insufficient to establish "exigent circumstances" as required by 11 U.S.C. § 109(h)(3)(A).

Moreover, Saxon's challenges to the bankruptcy court's rulings on matters unrelated to the credit-counseling requirement have no legal support. She does not dispute that she failed to pay the remaining bankruptcy court filing fee, nor has she cited any legal authority—here or before the bankruptcy court—for failing to do so. The certificates of mailing have no bearing on whether she complied with the 180-day credit counseling prerequisite. Likewise, the bankruptcy court's order on the motion to intervene, McDermott's subsequent motion challenging that order, and Plaintiff's response to the creditor's motion for relief from stay do not provide grounds to appeal the dismissal of her bankruptcy proceeding.

Because Saxon's appeal does not have "an arguable basis in law or fact," the court finds it is not taken in good faith and therefore she is not entitled to proceed IFP. *See In re Yelverton*, No. 09-00414, 2015 WL 6599699, at *1 (Bankr. D.D.C. Oct. 29, 2015) (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Cortorreal v. United States,* 486 F.3d 742 (2d Cir. 2007);

*Sills v. Bureau of Prisons,* 761 F.2d 792, 794 (D.C. Cir. 1985)); *Wooten v. District of Columbia Metropolitan Police Dep't.*, 129 F.3d 206, 208 (D.C. Cir. 1997).

Accordingly, this court will dismiss this case without prejudice. Should Saxon elect to go forward—notwithstanding this court's finding that her appeal is frivolous—she must pay the District Court appeal fee by May 1, 2019. *See In re Hardy*, No. 16-00280, 2017 WL 2644693, at *2 (Bankr. D.D.C. June 19, 2017) ("If leave to appeal *in forma pauperis* is not obtained and the appellant fails to pay the filing fee, the appeal should be dismissed."). If she pays the appeal fee in a timely manner, this court will reopen this case, at which time the court will require briefing on whether her appeal should be allowed to proceed when she has not satisfied her obligation to pay the remainder of the bankruptcy filing fee.

Date: March 31, 2019

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge